## HATCHER vs. CLIFTON.

[TROVER FOR CONVERSION OF SLAVES.]

1. *Registration of deed of gift.*—Under the laws of this State in 1842, neither the clerk of the county court, nor any other officer, was required or authorized to receive and certify an acknowledgment of the execution of a deed of gift, which conveyed slaves absolutely to the grantor's wife and children by present words, and reserved no qualified or partial interest to the grantor ; nor to spread such deed upon the county records.

2. *Secondary evidence of deed of gift.*—A certified copy of a deed of gift, purporting to have been acknowledged before the clerk of the county court, since deceased, and by him recorded, but without authority of law, is not admissible evidence, on proof of the single fact that the grantor once admitted that he had executed a similar deed.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by William H. Hatcher, individually and as administrator of Mrs. Anne E. Hatcher, deceased, and James A. Hatcher, an infant, who sued by said William H. Hatcher as his next friend, against Allen Clifton, to recover damages for the conversion of several slaves, whom the plaintiffs claimed under a deed of gift from James E. Hatcher, deceased, while the defendant derived title under a purchase, at public sale, from the administrator of said James E. Hatcher. Mrs. Anne E. Hatcher was the wife of said James E. Hatcher,—having been married to him in 1836, and lived with him as his wife until her death, which occurred in 1844. William H. and James A. Hatcher, the plaintiffs, were the children of said James E. Hatcher and wife, and were born prior to the year 1842. The slaves in controversy belonged to said James E. Hatcher, on and before the 12th January, 1842; were sold by his administrator in 1848, and were purchased at the sale by the defendant. "The plaintiffs proved, that if James E. Hatcher ever made a deed, conveying said slaves to said Anne E. Hatcher, William H. Hatcher, and James A. Hatcher, said deed is lost; and

that search had been made for such a deed in all the
places where it was likely to be found. The plaintiff then
introduced the original book of deeds, in which deeds
were recorded by the clerk of the county court in 1842;
and proved that said book was in the handwriting of
Santfort Blann, deceased, who was the clerk of the county
court of said county in the year 1842." The plaintiffs
then offered to read from said book a copy of a deed of
gift, dated the 12th January, 1842, which purported to
have been executed by said James E. Hatcher, and to
have been acknowledged by him before said Blann on the
day of its date; and by which the slaves here in contro-
versy, with others, were conveyed by present words, in
consideration of natural love and affection, to the grantor's
wife and two children above named. "The defendant
objected to the reading of said copy of said deed as evi-
dence, and the court sustained his objection; to which
the plaintiffs excepted. The plaintiffs then introduced
one Crawford Hatcher as a witness, who was a brother of
said James E. Hatcher, deceased, and who testified, that
in 1843 or 1844, before the death of Mrs. Anne E. Hatcher,
said James E. Hatcher told him that he had made a deed
to his wife and children, conveying certain slaves, (among
which were included the slaves now sued for,) and that
he had provided for his wife and children. Thereupon,
the plaintiffs again offered to read a copy of the deed
above set out; but the court refused to allow it to be read,
and the plaintiffs excepted." The plaintiffs then offered
to read a certified transcript from the said book, contain-
ing a copy of the said deed and its acknowledgment, as
therein recorded; but the court excluded this evidence,
also, on the defendant's objection, and the plaintiffs
excepted. In consequence of these rulings of the court
on the evidence, which are now assigned as error, the
plaintiffs were compelled to take a nonsuit, which they
now move to set aside.

ALEX. WHITE, and GEO. W. GAYLE, for the appellant,
cited the following authorities: Clay's Digest, 302, § 26;
ib. 155, § 25; Nicholls v. Webb, 8 Wheaton, 326; Gar-

wood v. Dennis, 4 Binney, 314; 15 East, 32; Buller v. Mitchell, 2 Price, 299; Peabody v. Denton, 2 Gallison, 351; 9 Peters, 672; 3 Camp. 305; Rowland v. Day, 17 Ala. 681; Harvey v. Thorpe, 28 Ala. 250; 1 Stark. Ev. 355.

E. W. PETTUS, *contra*, cited the following authorities:

1. To show that a sufficient predicate was not laid for the introduction of secondary evidence: Phil. Ev. 452; 1 Stark. Ev. 354; 1 Greenl. Ev. § 82; Kimball v. Morrill, 4 Greenl. 368; Millard's Adm'rs v. Hall, 24 Ala. 209.

2. To show that the acknowledgment and registration of the deed were not authorized by law: Foster v. Mitchell, 15 Ala. 571; Sewall v. Glidden, 1 Ala. 52; Myers v. Peake's Adm'r, 2 Ala. 648; Oden v. Stubblefield, 2 Ala. 684; Corprew v. Arthur, 15 Ala. 525; Tatum v. Young, 1 Porter, 298; Mitchell v. Mitchell, 3 Stew. & P. 81; Ravisies v. Alston, 5 Ala. 297; Desha v. Scales, 6 Ala. 356; Shelton v. Armor, 13 Ala. 647.

STONE, J.—The paper offered in evidence in this case purports to be a copy of a plain deed of gift, to operate *in præsenti;* no qualified or partial interest being reserved to the grantor, or to any other person. This being the case, at the time it purports to have been executed, there was in this State no statute authorizing the clerk of the county court, or any other officer, to receive or certify an acknowledgment of its execution, or to spread it upon the county records.—See authorities on the briefs of counsel; Shep. Dig. 642; *ib.* 542–5.

It results from what we have said, that the acts of Mr. Blann, in assuming to take and certify the acknowledgment of the said deed, and in placing a copy of it upon the record books of his office, were the acts of a mere private citizen,—not at all governed, or sanctioned in their execution, by the guaranties which the official bond and oath of that officer afford to the public in the matter of his official duties.

[2.] The question, then, is reduced to this: A witness testified, that he had heard the supposed grantor admit that he had executed a deed of gift to the pretended

grantees, of the slaves in controversy; and upon this simple statement, it was proposed to read in evidence what, on its face, purports to be a copy of some original paper, made by a disinterested private person. There was no proof that such original ever was executed by Mr. Hatcher, nor that this is a copy of any original, save what is furnished by the voluntary, extra-official certificate of Mr. Blann, and that he (Mr. Blann) is dead. We know no principle of law that legalizes such evidence. Sheppard v. Shorter, 33 Ala. 648.

Judgment affirmed.